IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHERILYNN MERRIAM,<br><br>          Plaintiff,<br><br>v.<br><br>PEAK RESTAURANT PARTNERS, ROBERT TOMLINSON, CLAUDIA OROZCO, and KATHLEEN ZARIT,<br><br>          Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No.  2:15-cv-00032-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

On January 16, 2015, Plaintiff Sherilynn Merriam filed a Complaint against Peak Restaurant Partners, LLC, ("PRP") and three current or former PRP employees: Robert Tomlinson, Claudia Orozco, and Kathleen Zarit.  (ECF No. 1.)  Ms. Merriam's Complaint alleged claims of discrimination (First Claim for Relief) and retaliation (Second Claim for Relief) under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e–17 ("Title VII"), as well as intentional infliction of emotional distress (Third Claim for Relief), interference with prospective economic relations (Fourth Claim for Relief), and an unspecified Fifth Claim for Relief.  *Id.* at 4–6.  On March 5, 2015, the Defendants collectively moved the Court to dismiss with prejudice Plaintiff's claims against the individual Defendants and her tort claims against PRP, pursuant Federal Rule of Civil Procedure 12(b)(6).  (Mot. Dismiss with Prejudice (Mot.) 3, ECF No. 9.)

Based on the Complaint and the parties' memoranda, the undersigned[1] RECOMMENDS the District Court dismiss with prejudice the First and Second Claims as against the individual

---

[1] On March 17, 2015, Judge Dee Benson referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 10.)

1

Defendants, on which both parties agree.  (*See* Mot. 4–5, ECF No. 9; Mem. in Opp'n Def.'s Mot. Dismiss with Prejudice (Opp'n) 2, ECF No. 12.)   The undersigned further RECOMMENDS the District Court dismiss without prejudice the Third, Fourth, and Fifth Claims and grant Ms. Merriam leave to re-plead because Ms. Merriam did not include enough details in her Complaint to state a claim upon which the Court could grant relief.

To withstand a motion to dismiss brought under Rule 12(b)(6), "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] plaintiff must offer specific factual allegations to support each claim."  *Id.* (citing *Twombly*, 550 U.S. at 555).

"[P]lausibility refers to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quotations omitted).  This standard ensures that defendants receive fair notice of the claims against them and the grounds on which the claims rest, as required by Rule 8.  *Twombly*, 550 U.S. at 555.  Thus, "[t]he *Twombly* Court was particularly critical of complaints that 'mentioned no specific time, place, or person involved in the alleged conspiracies.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 565 n.10).  Because Ms. Merriam filed the Complaint *pro se*, the undersigned construes the pleadings liberally.  *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010).

Even taking as true the factual allegations in Ms. Merriam's Complaint, *see* Compl. ¶¶ 13–22, ECF No. 1, Ms. Merriam has not tied her claims to specific Defendants and has pled

many general allegations that cover a "wide swath of conduct," lacking details as to time, place, or persons involved.  *Khalik v. United Air Lines*, 671 F.3d at 1191.  For example, Ms. Merriam's Complaint alleges that she "was retaliated against and conspired against when she complained of discrimination." (Compl. ¶ 20, ECF No. 1.)  However, this statement lacks details as to the date of the complaint(s), the person(s) involved, and any specific conduct that suggests retaliation or conspiracy against her.  In her Opposition, Ms. Merriam acknowledges that she could provide greater specificity in the pleadings.  (*See* Opp'n 4, ECF No. 12.)  Moreover, in the time since Ms. Merriam filed the Complaint, she has hired legal counsel.  (*Id.*)  In light of these circumstances, the undersigned RECOMMENDS allowing Ms. Merriam to amend her Complaint, so that she may "offer sufficient factual allegations to 'raise a right to relief above the speculative level.'" *Kansas Penn*, 656 F.3d at 1214 (citation omitted).

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the District Court dismiss with prejudice the First and Second Claims for Relief as to Robert Tomlinson, Claudia Orozco, and Kathleen Zarit, as well as dismiss without prejudice the Third, Fourth, and Fifth Claims as to all Defendants, granting Ms. Merriam leave to re-plead.  The Court further RECOMMENDS the District Court grant Ms. Merriam fourteen (14) days after entry of a decision on this Report and Recommendation to do so.

The Court will send copies of this Report and Recommendation to the parties, who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objection to this Report and Recommendation with the clerk of the court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 15th day of January, 2016.

                    BY THE COURT:

                    _____
                    EVELYN J. FURSE
                    United States Magistrate Judge