IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHERILYNN MERRIAM,<br><br>Plaintiff,<br><br>v.<br><br>PEAK RESTAURANT PARTNERS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:15-cv-32-DB<br><br>District Judge Dee Benson |

Before the Court is Defendant's Motion for Reconsideration of Order Denying Summary Judgment in Light of New Authority. (Dkt. No. 66.) The court has reviewed the briefing submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

This court may grant a motion to reconsider where the movant has established: (1) an intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Brunmark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). A motion to reconsider should be granted only where the court "misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000) (citing *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991) (other citations omitted)). A motion to reconsider is not a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Defendant requests that this court reconsider its denial of Defendant's Motion for Summary Judgment with respect to Plaintiff's retaliation claim, in light of a recent decision issued by the Tenth Circuit Court of Appeals, *Payan v. United Parcel Service, et al.*, Case No. 16-4188, 14-18 (10th Cir. Oct. 4, 2018). In *Payan*, the Tenth Circuit determined "that placement on an employee improvement plan alone does not qualify as a materially adverse action" for purposes of a Title VII retaliation claim. *Id.* at 17.

In the Report and Recommendation adopted by this court, Magistrate Judge Furse observed that the Plaintiff in this case was "thirty days into a sixty-day PIP" as she received additional "bad reviews" in which her supervisor did not "recogniz[e] areas of improvement" and that Plaintiff was faced with "potential termination for noncompliance." (Dkt. No. 62 at 20.) Magistrate Judge Furse relied on Plaintiff's PIP "in combination with [her] subsequent bad reviews" in holding that a genuine issue of material fact existed with respect to Plaintiff's retaliation claim. (*Id.*)

Defendant argues that the Tenth Circuit's holding in *Payan*—that a PIP alone does not constitute retaliatory action—dictates a different result. The court disagrees, and finds *Payan* to be consistent with the case law cited and applied by Magistrate Judge Furse in her R&R. In *Payan*, the Tenth Circuit held that the PIP was insufficient on its own to constitute a materially adverse action that would dissuade a reasonable worker from filing a charge of discrimination. Here, however, the magistrate observed that in addition to Plaintiff's PIP, other actions were taken which, if causally linked to Plaintiff's protected conduct, could constitute improper retaliatory action. Accordingly, *Payan* does not constitute an intervening change in controlling

law that would warrant reconsideration of the adoption of the magistrate judge's R&R denying summary judgment.

For the foregoing reasons, Defendant's Motion for Reconsideration is hereby DENIED.

DATED this 4th day of January, 2019.

BY THE COURT:

Dee Benson
United States District Judge